Tang v. Lynch

BIA
Zagzoug, IJ
A205 043 333

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of August, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

JINFEN TANG,
> *Petitioner,*

v.                                                    15-2721
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Mouren Wu, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         C. Payne, Assistant Director; Lauren
                         E. Fascett, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinfen Tang, a native and citizen of the People's Republic of China, seeks review of an August 4, 2015, decision of the BIA affirming a January 2, 2014, decision of an Immigration Judge ("IJ") denying Tang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinfen Tang,* No. A205 043 333 (B.I.A. Aug. 4, 2015), *aff'g* No. A205 043 333 (Immig. Ct. N.Y. City Jan. 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we do not address the IJ's pretermission of Tang's asylum application as untimely because the BIA declined to affirm that ruling. *Id.* As a result, the denial of the application for asylum, as well as the denial of the claims for withholding of removal and relief under CAT, will be considered. Supporting denial of those claims are the

2

agency's adverse credibility determination and the conclusion that Tang failed to establish a pattern or practice of persecution of Christians.  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We first note a serious deficiency in petitioner's brief. Although the Federal Rules of Appellate Procedure require an appellant's brief to contain "a concise statement of the case setting out the facts relevant to the issues submitted for review, with appropriate references to the record," FRAP 28(a)(6), the relevant section of petitioner's brief reads in full as follows:

> **IV. Statement of Facts Relevant to the Issues Presented for Review**
> The facts in this case are disputed since the IJ found Petitioner incredible and the BIA affirmed the IJ's decision.
> Petitioner based her asylum application upon her fear of future persecution by the Chinese government for her religious activities.

A.R. 76-87.

Br. for Petitioner 5. Obviously saying only that the facts are disputed is a totally inadequate way of "setting out the facts."

We have previously warned the bar that submission of an inadequate brief risks the imposition of sanctions. "Counsel

is cautioned that the future filings of such an inadequate submission will be grounds not only for rejection of the brief but for formal reprimand or other sanction." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We repeat that admonition in this case.

The IJ found Tang's testimony "replete with evasive responses, unresponsive responses, [and] rote memorized responses." CAR 79. The record sufficiently supports this assessment of her testimony. The adverse credibility determination is further supported by an inconsistency between Tang's application and her testimony. The application stated she had been detained for ten days between June 13 and June 23. CAR 319-20. She testified, however, that she was both arrested and released on June 13. Then she testified that both her arrest and release occurred on June 23. Also supporting the IJ's credibility finding is the lack of reasonably available corroboration – testimony from relatives who Tang said were aware of her arrest in China and her pastor who could have corroborated her church attendance in the United States.

The adverse credibility determination is dispositive of Tang's asylum claim to the extent it is based on past persecution or

4

future persecution on account of the Chinese government's awareness of her Christianity. Moreover, the adverse credibility determination is dispositive of withholding of removal and CAT relief to the extent those forms of relief were based on these grounds. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

The remaining question before us is whether Tang showed that the Chinese government has a pattern or practice of persecuting Christians. "[T]o establish a well-founded fear of persecution in the absence of any [credible] evidence of past persecution, an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or are likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). An alien may make this showing by "prov[ing] the existence of 'a pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant.'" *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)). To establish a pattern or practice of persecution of a particular group, a petitioner must demonstrate that the harm to that group is "systemic or

5

pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007) (deferring to BIA's standard).

The agency reasonably concluded that Tang failed to establish a pattern or practice of persecution. The 2012 State Department report in the record states that there are between 23 and 67 million Protestants in China, and that government repression of unregistered religious groups is sporadic, with local authorities in parts of the country tacitly approving of unregistered religious practice. This evidence does not establish that Tang's religious activities will be discovered. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Moreover, the agency reasonably required locality-specific evidence of persecution in Tang's home province of Fujian. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149 (2d Cir. 2008). The 2012 State Department report does not mention any persecution in Fujian, and the 2010 China Aid study Tang submitted reported only one raid on a house church in that province. This evidence does not establish "systemic or pervasive" persecution. *In re A-M-*, 23 I. & N. Dec. at 741. Accordingly, the agency reasonably concluded that Tang failed to show that the Chinese

6

government has a pattern or practice of persecuting Christians.

Because Tang is unable to show a well-founded fear of persecution, as needed to make out an asylum claim, she is necessarily unable to meet the higher standard required to succeed on claims for withholding of removal or CAT relief. *Paul*, 444 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7